UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS KRUSE and MADISON KRUSE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-3480-B |
| THE BANK OF NEW YORK MELLON, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Summary Judgment (doc. 35) filed by Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Holders of the SAMI II Trust 2004-AR7, Mortgage Pass Through Certificates Series 2004-AR7 ("Bank of New York"), and Bank of America, N.A., as a named party and successor by merger to BAC Home Loans Servicing, L.P. ("Bank of America") (collectively "Defendants"). For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED**.

## I.

## BACKGROUND[1]

Plaintiffs Dennis and Madison Kruse refinanced their home at 10573 Inwood Road, Dallas, Texas 75229 (the "Property") in 2004 with a loan obtained from non party Countrywide Home

---

[1]The Court takes its factual account from the uncontested facts contained in the summary judgment record. Any contested fact is identified as the allegation of a particular party.

Loans for $2,944,403.00. In 2007, Plaintiffs' business suffered severe losses, forcing Plaintiffs to close their business and causing them to fall behind on their mortgage payments. In 2011, Defendants initiated foreclosure proceedings. Plaintiffs allege that they contacted Bank of America about a loan modification and were told that foreclosure would be postponed to allow them to submit financial information about a repayment plan. Plaintiffs also allege they called Bank of America inquiring about the amount needed to bring their account current and that no one from Bank of America returned their call.[2]

When Plaintiffs realized their foreclosure sale had not been postponed, they filed the present lawsuit alleging breach of contract, anticipatory breach of contract, unreasonable collection, malice, violations of the Texas Finance Code, and negligent misrepresentation. Pls. Br. 2. Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part. Doc. 25, Order. Plaintiffs' remaining claims are for violations the Texas Debt Collection Act ("TDCA"), codified in Sections 392.304(a)(8) and 392.304(a)(19) of the Texas Finance Code. Defendants move for summary judgment as to these two remaining claims (doc. 35). Plaintiffs have responded and the Motion is ripe for decision.

## II.

## LEGAL STANDARDS

A.    *Summary Judgment*

Federal Rule of Civil Procedure 56(a) provides summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[2]Plaintiffs are currently in possession of the Property and it has not been foreclosed upon.

judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the nonmovant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Plaintiffs' remaining claims are based on alleged violations of the TDCA, specifically Tex. Fin. Code §§ 392.304(a)(8) and 392.304(a)(19). Section 392.304(a)(8) prohibits misrepresenting the character, extent or amount of a consumer debt and Section 392.304(a)(19) prohibits using "[a]ny false representation or deceptive means to collect a debt."

Defendants move for summary judgment on three grounds: (1) Bank of America did not make an affirmative statement that was false or misleading, (2) any alleged oral representation made by Bank of America is barred by the statute of frauds, and (3) Plaintiffs have offered no evidence that they have sustained actual damages as a result of Defendants' alleged TDCA violations. The Court will address each argument below.

A.     *Misleading Statement*

"To violate the TDCA using a misrepresentation, 'the debt collector must have made an *affirmative statement* that was false or misleading.'" *Hassell v. Bank of Am., N.A.*, CIV.A. H-12-1530, 2013 WL 211154, at *4 (S.D. Tex. Jan. 18, 2013) (quoting *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012)). In this case, Plaintiffs allege that a Bank of America representative offered to postpone the foreclosure sale if Plaintiffs provided additional financial information.

Plaintiffs provide Dennis Kruse's Affidavit as evidence that they contacted Bank of America on November 15, 2011 to ask about a loan modification. Pl. App. 2. According to Kruse, "Melanie" at Bank of America informed him that the Property was set for foreclosure sale, but offered to postpone the impending foreclosure to allow Plaintiffs to submit financial information for a repayment plan. *Id.* Kruse also states that he called Bank of America again inquiring about what amount was needed to bring the account current and was told that Bank of America would call Plaintiffs back, which never happened. Pls. App. 2. Kruse states that he confirmed the agreement for repayment and postponement of the foreclosure via letter and fax, but that Plaintiffs never heard back from Bank of America. *Id.* Plaintiffs assumed there was an agreement until receiving foreclosure notices. *Id.*

Defendants provide summary judgment evidence in the form of a Declaration by Bank of America Assistant Vice President Yeny Beltran. Defs. App. 1-2. Beltran states "at no time did Bank of America promise it would postpone the foreclosure of Plaintiffs' property." Defs. App. 2.

Because Plaintiffs and Defendants provide conflicting accounts through proper summary judgment evidence of the alleged misrepresentation by a Bank of America representative, the Court concludes there is a genuine issue of material fact as to whether Defendants made an affirmative statement that was false or misleading.

B.     *Statue of Frauds*

Defendants next argue that Plaintiffs' TDCA claims are barred by the statute of frauds. Defendants argue that because Plaintiffs' mortgage exceeded $50,000 and any modification would at least result in the alteration of a lien on real property, the alleged oral representations to support Plaintiffs' TDCA claims are barred by the statute of frauds. Defs. Br. 5. Plaintiffs respond that the statue of frauds only applies to the enforceability of oral agreements, while the TDCA deals with "prohibited debt collection methods." Tex. Fin. Code, Subchapter D, §§ 392.301-306 (TDCA); Tex. Bus. & Com. Code § 26.02(b) (statute of frauds). Thus, Plaintiffs argue the statute of frauds has no relevance to the TDCA.

Under Texas law, the statute of frauds makes any unwritten agreement for a loan in excess of $50,000 unenforceable. Tex. Bus. & Com. Code § 26.02(b). "An agreement to delay foreclosure falls under § 26.02(b)." *Milton v. U.S. Bank Nat. Ass'n*, 4:10-CV-538, 2012 WL 1969935, at *3 (E.D. Tex. May 31, 2012), *affirmed* 12-40742, 2013 WL 264561 (5th Cir. Jan. 18, 2013). "Parties to a written contract that is within the provisions of the statute of frauds may not by mere oral agreement alter one or more of the terms of that contract." *Ellen v. F.H. Partners, LLC*, 03-09-00310-CV, 2010

WL 4909973 (Tex. App.–Austin Dec. 1, 2010, no pet.)(internal quotations omitted)(quoting *Dracopoulas v. Rachal,* 411 S.W.2d 719, 721 (Tex.1967)).

Based on the parties' briefing and its own research, the Court has found only three cases that squarely address the applicability of the statue of frauds to a plaintiff's TDCA claim. Two of the cases hold the statute of frauds bars a plaintiff's TDCA claim and the other case holds that the statute of frauds "has no bearing on the claims under the TDCA." *Singh v. JP Morgan Chase Bank, NA,* 4:11-CV-607, 2012 WL 3904827, at *8 (E.D. Tex. July 31, 2012) *report and recommendation adopted,* 2012 WL 3891060 (E.D. Tex. Sept. 7, 2012)(statute of frauds bars TDCA claim); *Pardy v. Chase Home Fin., L.L.C.,* 4:10-CV-684, 2012 WL 469868, at *1 (E.D. Tex. Feb. 14, 2012)(statute of frauds bars TDCA claim); *Knigge v. Bank of Am. Corp.,* 4:11-CV-295, 2012 WL 629093, at *4 (E.D. Tex. Feb. 27, 2012) *report and recommendation adopted,* 2012 WL 1108337 (E.D. Tex. Mar. 30, 2012)(slip copy)("statute of frauds has no bearing on claims under the TDCA").

Due to the limited authority directly on point, the Court looks to an analogous Texas consumer protection statute, the Texas Deceptive Trade Practices Act at Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 ("DTPA"), to glean perspective on the applicability of the statute of frauds to the TDCA. The DTPA grants consumers a cause of action when, *inter alia,* the consumer has been the victim of a "false, misleading, or deceptive act or practice." Tex. Bus. & Com. Code Ann. § 17.50(a). In addressing the applicability of the statute of frauds to the DTPA, a Texas court of appeals stated "it is not only the nature of damages sought but also the relationship of the promise to the purposes of the statute of frauds which controls the application of the statute." *Keriotis v. Lombardo Rental Trust,* 607 S.W.2d 44, 46 (Tex. Civ. App.–Beaumont 1980, writ ref'd n.r.e.)(citing *Rankin v. Naftalis,* 557 S.W.2d 940, 943-44 (Tex. 1977)). The court found that "the alleged

- 6 -

misrepresentation and the damages sought support the conclusion that plaintiff is attempting to recover damages for failure to perform an oral promise governed by the statute of frauds" and that the DTPA claim was properly viewed as a breach of contract claim. *Id.* In affirming the trial court's dismissal of the DTPA claim as unenforceable under the statute of frauds, the Court stated that "[t]o hold otherwise would be to create an anomoly, and allow one to do indirectly what he could not by law do directly." *Id.* However, a DTPA claim may survive despite the statute of frauds if there is "a factual misrepresentation independent of the alleged unenforceable agreement." *McClure v. Duggan*, 674 F. Supp. 211, 224 (N.D. Tex. 1987); *see* James W. Paulsen, *Lenders and the Texas DTPA: A Step Back from the Brink*, 48 SMU L. Rev. 487, 566 (1995).

More generally under Texas law, "a plaintiff may not recover tort for claims arising out of an unenforceable contract under the statute of frauds." *Hugh Symons Group v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir.2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 797 (Tex.2001)). "To the extent, however, that a plaintiff's fraud claim seeks out-of-pocket damages incurred by relying upon a defendant's misrepresentations, those damages are not part of the benefit of any bargain between the parties. They therefore might be recoverable without contravening the statute of frauds." *Id.* (citing *Haase,* 62 S.W.3d at 799–800).

Based on the authority listed above, the Court concludes that the statute of frauds may act to bar certain claims of misrepresentation under the TDCA. Here, Plaintiffs allege Defendants orally misrepresented they would postpone foreclosure of the Property. This alleged oral agreement was to modify a term of the loan[3] and, therefore, the oral agreement was subject to and made unenforceable

---

[3]Paragraph 7.D of the Note states "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the note Holder will still have the right to do

by the statute of frauds. *See Wiley v. U.S. Bank, N.A.*, 3:11-CV-1241-B, 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012). This Court previously dismissed Plaintiffs' breach of contract claim based on the unenforceability of the alleged oral agreement due to the statute of frauds, among other reasons. Doc. 25, Order M. Dismiss 12. Plaintiffs failed to plead or present evidence of damages specific to their TDCA claims[4] and as such fail to demonstrate any "out-of-pocket damages" outside of the unenforceable agreement. *See  Hugh Symons Group*, 292 F.3d at 470. Further, Plaintiffs have not alleged a "factual misrepresentation independent of" the unenforceable agreement. *McClure*, 674 F. Supp. at 224 (DTPA).

Here, the "alleged misrepresentation[s] and the damages sought support the conclusion that [Plaintiffs] are attempting to recover damages for failure to perform an oral promise governed by the statute of frauds." *Keriotis*, 607 S.W.2d at 46. To allow Plaintiffs to recover under the TDCA would be to "allow [them] to do indirectly what [they] could not by law do directly." *Id.* Summary judgment in Defendants' favor is therefore appropriate on Plaintiffs' remaining claims under the TDCA.

C.      *Actual Damages, Malice, Accounting, Declaratory Judgment*

Because summary judgment is proper as to all of Plaintiffs' remaining claims, there are no substantive claims upon which actual damages, exemplary damages, an accounting, or a declaratory judgment may be awarded. Thus, Plaintiffs' aforementioned requests are **DISMISSED.**

---

so if I am in default at a later time." Doc. 35-2, Def. App. 6. Paragraph 12 of the Deed of Trust entitled "Borrower Not Released; Forbearance By Lender Not a Waiver" states "[a]ny forbearance by Lender in exercising any right or remedy . . . shall not be a waiver of or preclude exercise of any right or remedy." Doc. 1-1, Notice of Removal Ex. A.

[4]Plaintiffs' only evidence of damages is presented in Dennis Kruse's Affidavit. Pl. App. 3.

IV.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary

Judgment (doc. 35).

SO ORDERED.

SIGNED: April 1, 2013.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE